# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COMPLETE WOMEN'S IMAGING, P.C.,**

    Plaintiff,

    -vs-                                                           **Case No. 14-C-1029**

**MERGE HEALTHCARE, Inc. and**
**ABC INSURANCE Co.,**

    Defendants.

## DECISION AND ORDER

The plaintiff, Complete Women's Imaging, P.C. ("CWI"), moves to remand this matter to Milwaukee County Circuit Court pursuant to a forum selection clause in its contract with Merge Healthcare, Inc. The clause provides that the parties "irrevocably submit to the exclusive jurisdiction and venue of the courts of Milwaukee County, Wisconsin to resolve any dispute arising hereunder or related hereto." Merge argues that this clause does not preclude jurisdiction in a federal court that is located in Milwaukee County. CWI counters that the phrase "courts *of* Milwaukee County" refers exclusively to Milwaukee County Circuit Court.

The Court begins with the proposition that any ambiguity in the phrase "courts of Milwaukee County" should be construed against the

drafter. *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998). Merge drafted the contract, so if Merge wanted to reserve its right to a federal forum, it should have used more precise language.

That observation aside, the Court does not consider the phrase "courts of Milwaukee County" to be ambiguous. The Milwaukee Division of the Eastern District of Wisconsin is located *in* Milwaukee County, but it is not a court *of* Milwaukee County. *See, e.g., Guenther v. Crosscheck, Inc.*, No. C 09-01106 WHA, 2009 WL 1248107, at *4 (N.D. Cal. Apr. 30, 2009) ("The Northern District of California is not a court 'of' Sonoma County, California. As a Fifth Circuit decision explained in rejecting a similar argument: '[f]ederal district courts may be *in* Texas, but they are not *of* Texas. Black's Law Dictionary defines 'of' as 'denoting that from which anything proceeds; indicating origin, source, descent'…") (citing *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003)). Put another way, Milwaukee County does not define this Court's jurisdiction. *See* 28 U.S.C. § 130(a) (listing counties encompassed by the Eastern District, then stating that "Court for the Eastern District shall be held at Green Bay, Milwaukee, and Oshkosh").[1] The difference between "of" and "in" distinguishes this

---

[1] Nor is the phrase rendered ambiguous by the plural term "courts." Milwaukee County Circuit Court consists of multiple branches and divisions.

case from those which have found ambiguity in similar clauses. *See, e.g., Bodine Elec. Co. v. Viking Access Sys., LLC*, No. 09 C 3055, 2009 WL 3055362, at *1 (N.D. Ill. Sept. 22, 2009) (phrase "courts located in Cook County" was ambiguous because it "does not distinguish between state and federal courts"); *Harris N.A. v. Openmed Tech. Corp.*, 2010 WL 3386589, at *2-3 (E.D. Wis. Aug. 23, 2010) (finding no waiver because reference to "county in which Lender has its principal office in this state" was ambiguous and should be construed against the drafter).[2]

Moreover, "for federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial districts.'" *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (emphasis added) (clause providing that "venue shall lie in the County of El Paso, Colorado" cannot "be reasonably interpreted to allow removal of the case to a federal district court that sits in El Paso County"). In sum, the clause's use of the word of, not in, combined with its reference to a county, not a federal judicial district, demonstrates a clear waiver of a federal forum. *Gator Wash, LLC v. Lighthouse Carwash Sys., Inc.*, No. 1:07-cv-1494-LJM-

---

[2] In other cases, use of the term "in" was considered unambiguous, but only because no federal court was located in the county referenced by the clause. *Progressive Publ. Inc. v. Capital Color Mail, Inc.*, 500 F. Supp. 2d 1004, 1005 (N.D. Ill. 2007); *Fieldturf USA, Inc. v. Quest Turf, LLC*, No. 1:07-cv-1485-RLY-JMS, 2008 WL 906428 (S.D. Ind. Apr. 1, 2008).

TAB, 2008 WL 506070 (S.D. Ind. Feb. 20, 2008) (clause providing that venue "shall be exclusively in the courts of the county of Marion, State of Indiana" does not allow for venue in a federal court that sits in Marion County, applying *Excell* and *Progressive Publishing*).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Merge's motion to file a sur-reply brief [ECF No. 22] is **GRANTED**; and

2. CWI's motion to remand [ECF No. 12] is **GRANTED**. This matter is **REMANDED** to Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**